**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ELIAS CORONADO,

      Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 14-55255

D.C. No. 2:13-cv-05673-R-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 9, 2016[**]
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

Elias Coronado appeals the district court's granting of a motion to dismiss,

which held that his complaint was time-barred. We review de novo whether a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

claim is barred by the statute of limitations. Where the facts are undisputed, whether equitable tolling applies is also reviewed de novo. We affirm.

In 1999, Coronado applied to the Army Board of Correction for Military Records ("Board") for correction of his military record to include awards to which he was entitled, including a Purple Heart. On October 7, 1999, the Board denied his request for a Purple Heart because Coronado "provide[d] no evidence and the available records contain no evidence of an injury resulting from combat action that warrants awarding him the Purple Heart."

On November 26, 2001, Coronado requested the Board to reconsider his Purple Heart request. At that time, Army regulations allowed reconsideration of a decision more than one year following the decision if there existed "substantial relevant new evidence." Army Regulation 15-185 ¶ 2-15(b) (Feb. 29, 2000). With his November 26, 2001 request, Coronado submitted evidence that his injuries were consistent with a shrapnel blast. The Board denied his request.

In 2006, the Army changed its rules to provide that "[i]f the [Board] receives a request for reconsideration more than 1 year after the [Board's] original decision . . . then the case will be returned without action and the applicant will be advised the next remedy is appeal to a court of appropriate jurisdiction." Army Regulation 15-185 ¶ 2-15(b) (Mar. 31, 2006). On March 28, 2007, Coronado

requested the Board to reconsider and the Board denied his request on August 7, 2007, because it was not filed within a year of the original decision and did not contain new evidence. The August 7, 2007 letter informed Coronado that he "ha[d] the option to seek relief in a court of appropriate jurisdiction" in accordance with Army Regulation 15-185. At some point before February 20, 2008, Coronado made another request which restated Coronado's argument. The Board returned Coronado's request without action. The February 20, 2008 letter stated that Coronado's case was "administratively closed without referral to the Board on August 7, 2007." In addition, the letter again informed Coronado that he "ha[d] the option to seek relief in a court of appropriate jurisdiction."

Coronado again requested reconsideration by the Board on October 23, 2008, and the Board returned his request without action on March 18, 2009. Coronado requested reconsideration on July 23, 2012, and the Board returned his request without action on November 29, 2012. On August 6, 2013, Coronado filed suit in the district court, and the district court dismissed his complaint as time-barred.

Coronado appeals. He argues that his right of action first accrued on June 4, 2002, when the Board issued its decision on Coronado's 2001 motion for reconsideration. In addition, he argues that the applicable statute of limitations in

which to file an action should be equitably tolled at least until the receipt of the August 7, 2007 letter (when Coronado was put on notice of the Board's new policy on requests for reconsideration) and preferably until the receipt of the February 20, 2008 letter (when Coronado was informed that his case had been closed).

Pursuant to 28 U.S.C. § 2401(a), all civil actions against the United States not filed within six years from the date of accrual are barred. Because "the [Administrative Procedure Act] itself contains no specific statute of limitations, [Section 2401's] general six-year civil action statute of limitation applies to challenges under the APA." *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 438 F.3d 937, 942–43 (9th Cir. 2006). Here, this six-year statute of limitations began to run on October 7, 1999, when the Board denied Coronado's request for a Purple Heart.

From October 7, 1999 to November 26, 2001, 2 years and 50 days of the applicable statute of limitations had run. There remained 3 years and 315 days in which to file an action in court. On November 26, 2001, Coronado timely requested reconsideration. This request tolled the statute of limitations. The statute of limitations was tolled until June 4, 2002 (a total of 190 days), when the Board denied his request. After the June 4, 2002 denial, the statute of limitations

4

began to run again. There remained 3 years and 315 days in which to file an action in court. This established a deadline of April 15, 2006 to file suit.

Instead of filing suit, Coronado sent another request to the Board on March 28, 2007 and another in December 2007. In accordance with its policy adopted in 2006, the Board denied these requests without action by letters dated August 7, 2007 and February 20, 2008. Each of these letters informed Coronado that he "ha[d] the option to seek relief in a court of appropriate jurisdiction." Coronado again requested reconsideration on October 23, 2008, which the Board denied without action on March 18, 2009, noting that Coronado had submitted no new evidence or argument. By letter dated November 29, 2012, the Board again informed Coronado that it was taking no action in response to a request that he had filed on July 23, 2012.

Coronado filed suit on August 6, 2013. Even assuming that the applicable statute of limitations was tolled from March 28, 2007 to February 20, 2008 (330 days) by his requests for reconsideration, the statute of limitations had already expired on April 15, 2006.

Coronado is not entitled to equitable tolling from October 7, 1999 to November 26, 2001, or from June 4, 2002 to March 28, 2007, because he had no requests for reconsideration pending at those times. Equitable tolling requires a

party to show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way. *United States v. Wong*, 135 S. Ct. 1625, 1631 (2015). After Coronado's first request for reconsideration was denied in June 2002, he waited almost five years before taking any further action, so he cannot show that he pursued his rights diligently.

Even had he pursued his rights diligently, Coronado cannot show that the 2006 revision to Army Regulation 15-185 ¶ 2-15(b), created an extraordinary circumstance. Coronado's reason for delay was not based on his reliance on the old rule but instead was based on the subsequent progression of his medical condition. Although Coronado may have believed that this progression furnished sufficient new evidence to trigger further reconsideration, his misapprehension does not, by itself, amount to an extraordinary circumstance.

Although we hold that Coronado's claim is barred by the applicable statute of limitations, we do not disbelieve Coronado's assertion that he was injured by an enemy shell while serving in the Army. Coronado may well deserve to be awarded a Purple Heart Medal. Coronado has been awarded both the Bronze Star Medal and World War II Victory Medal, and we honor the valuable service Coronado has performed for this country.

**AFFIRMED**.